**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **AMIR ALLY MERCHANT**, individually and on behalf of other employees similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 17 cv 6037 |
| vs. | ) ) JURY DEMANDED |
| **LAKE PARK TWO, INC., d/b/a DUNKIN DONUTS and AKBER A. MITHANI, individually.** | ) ) ) ) ) |
| Defendants. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES the Plaintiff Amir Ally Merchant ("Merchant" or "Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq*., commonly known as the Fair Labor Standards Act ("FLSA"); 820 ILCS § 105/1 *et seq*., commonly known as the Illinois Minimum Wage Law ("IMWL"), and complains against Defendants Lake Park Two, Inc. d/b/a Dunkin Donuts, and Akber A. Mithani (collectively, "Defendants"), and in support states:

## NATURE OF THE ACTION

1. This action seeks redress for Defendants' willful violations of state and federal wage and hour laws to Plaintiff and other similarly situated employees. Plaintiff brings this action against Defendants to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorney's fees and costs owed to him and other similarly situated current and former employees. Plaintiff also brings this action to obtain declaratory and injunctive relief as well as all other relief that the Court deems appropriate.

2. Defendants' unlawful compensation practices have, and have had, the effect of

denying Plaintiff and other similarly situated employees their earned and living wages.

3. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

5. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because a substantial part of the facts, events, or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES
### Plaintiff

7. Plaintiff resides and is domiciled in Cook County, Illinois, which is in this judicial district.

8. Plaintiff was employed by Defendants as a manager, shift-leader and crew-member from in or about November 2015 to July 2017.

9. During the course of his employment, Merchant handles goods that move, or that are intended to move, in interstate commerce.

10. Plaintiff is an "employee" as defined by the FLSA, 29 U.S.C. § 203(e), and the IMWL, 820 ILCS § 105/3(d).

### Defendants

11. Defendant Lake Park Two, Inc. is an Illinois corporation that operates twelve

Dunkin' Donut franchises, including locations at: 3910 S. Archer St., Chicago, IL; 825 W. 47th St., Chicago, IL; and 1400 E. 47th St., Chicago, IL.

12. Akber Mithani is the President of Lake Park Two, Inc. and is the owner and operator of twelve Dunkin' Donut franchises.

13. Each Defendant is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C § 203(r)(1), engaged in commerce with the meaning of 29 U.S.C § 203(s)(1)(A).

14. During relevant times, Defendants engaged in annual gross sales or business in excess of $500,000.00.

15. Each Defendant is Plaintiff's "employer" as the term is defined by the FLSA, 29 U.S.C § 203(d), and the IMWL, 820 ILCS § 105/3(c).

16. Upon information and belief, Defendants did not record and preserve employee records in accordance with 29 C.F.R. Part 516.

17. Upon information and belief, a notice of employee rights under the FLSA, with content prescribed by the Wage and Hour Division of the United States Department of Labor, was not posted in a conspicuous area of Defendants' workplace as required by the FLSA.

## FACTS

### Unpaid Overtime

18. Plaintiff worked for Defendants as an hourly employee from November 2015 to July 2017. Plaintiff was paid $13.00 per hour.

19. Plaintiff routinely worked for Defendants in excess of forty hours in a workweek.

20. At all times relevant, Defendants customarily failed to pay Plaintiff and other workers the appropriate overtime premium pay as required by the FLSA and the IMWL.

3

21. More specifically, when Plaintiff and other workers worked in excess of forty hours in a workweek, Defendants instructed and directed Plaintiff and other similarly situated workers to change the total hours worked to make it appear as though Plaintiff and others similarly situated worked fewer hours than they actually did.

22. For example, under a typical and proper formulation of weekly wages, an employee who worked 84 hours in a workweek would have his hours determined under the following formula:

**84-40= 44(Overtime Hours) = 44x1.5=66 + 40(Regular Hours) = 106 (Total Pay Hours)**

However, as the picture below depicts, Plaintiff was routinely instructed by Defendants to apply a formula to their weekly hours which deprived him of his earned overtime:



**84-40= 44(Overtime Hours) = 44/1.5=29.33 + 40(Regular Hours) = 69.33 (Total Pay Hours)**

23. Defendants' failure to compensate its hourly employees with the full amount of overtime wages due to them has caused Plaintiff and other similarly situated employees to suffer harm.

24. Defendants' hourly employees, including Plaintiff, are entitled to the full and proper amount of overtime compensation due for all time they worked in excess of forty hours in any given workweek.

4

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings Count I of this Complaint as a collective action on behalf of himself and all other current and former employees employed by Defendants who suffered as a result of the illegal policies and practices alleged herein.

26. Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked as non-exempt, hourly employees for Defendants throughout the United States at any time between August 18, 2014 and the present who worked in excess of forty hours per workweek and did not receive the full amount of overtime wages due and owing to them.

27. There are questions of law or fact common to the employees described in paragraph 26.

28. Plaintiff is similarly situated to the employees described in paragraph 26, as Plaintiff's claims are typical of the claims of those persons.

29. Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 26.

30. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraph 26.

31. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

32. At all relevant times, Defendants employed Plaintiff and the persons described in paragraph 26.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf

of himself and all other current and former hourly employees employed by Defendants who suffered as a result of the illegal policies and practices alleged herein.

34. Plaintiff seeks certification of the following class pursuant to Count II:

All persons who worked as non-exempt, hourly employees for Defendants throughout the United States at any time between August 18, 2014 and the present who worked in excess of forty hours per workweek and did not receive the full amount of overtime wages due and owing to them (the "IMWL Class").

35. This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class above is so numerous that joinder of all class members is impracticable.

36. Plaintiff and the members of the IMWL Class have been equally affected by Defendants' practices of working in excess of forty hours per workweek without receiving the full and proper amount of overtime wages due and owing to them.

37. Plaintiff and the members of the IMWL Class have been equally affected by Defendants' failure to pay all earned overtime wages to Plaintiff and the class members.

38. Furthermore, members of the IMWL Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

39. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the IMWL Class, if any.

40. Plaintiff and the members of the IMWL Class, as well as Defendants, have a commonality of interest in the subject matter and the remedy sought.

41. Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL Class. Plaintiff's Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

42. If individual actions were required to be brought by each member of the IMWL Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the IMWL Class is entitled.

43. Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

44. Plaintiff and his counsel will fairly and adequately protect the interest of the IMWL Class.

### COUNT I – FLSA
### (Unpaid Overtime)

45. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32 as Paragraph 45 of this Count I.

46. Plaintiff, individually and on behalf and the members of the collective described in paragraph 26, asserts claims for unpaid overtime pursuant to the FLSA.

47. At any and all times relevant hereto, Defendants were an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

48. At any and all times relevant hereto, each Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 26 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At any and all times relevant hereto, Plaintiff and the members of the collective described in paragraph 26 were "employees" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)

50. Plaintiff and the members of the collective described in paragraph 26 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

51. At all times relevant hereto, Defendants' failure to pay Plaintiff and the members of the collective described in paragraph 26 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

   a. Defendants knew that the FLSA required them to pay time and one-half for all time worked over 40 hours in a week;

   b. Defendants failed to maintain true and accurate time records; and

   c. Defendants encouraged Plaintiff and the members of the collective described in paragraph 26 to not record properly all time worked.

52. As a direct and proximate result thereof, Plaintiff and the members of the collective described in paragraph 26 are due unpaid overtime wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demand judgment against Defendants and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

   a. Declare and find that the Defendants committed one or more of the following acts:

      i. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs; and

      ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs.

   b. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

    c.   Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party plaintiffs;

    d.   Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

    e.   Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

    f.   Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

    g.   Grant such further relief as the Court deems just and equitable.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
**(Unpaid Overtime)**

53.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 and 33 through 44 as paragraph 53 of this Count II, as if fully set forth herein.

54.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

55.    The matters set forth in this Count II arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on his own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

56.    Defendants employed Plaintiff and other similarly situated persons as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

57.    At all relevant times, each Defendant was an "employer" of Plaintiff and other similarly situated persons, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

58.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the

IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

59. Defendants did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

60. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

61. Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendants as follows:

    a. That the Court determine that this action may be maintained as a class action.

    b. A judgment in the amount of one and one-half times Plaintiff's and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week;

    c. Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

    d. Reasonable attorneys' fees and costs incurred in filing this action; and

    e. Such other and further relief as this Court deems appropriate and just.

Dated: August 18, 2017

                                        Respectfully submitted,

                                        /s/ <u>James X. Bormes</u>
                                             One of Plaintiff's attorneys

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com